# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO GARCIA, | CASE NO. 1:12-cv-1209-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| CDCR, et al. | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| / | |

Plaintiff Gerardo Garcia ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

Plaintiff initiated this action on July 25, 2012. (Compl., ECF No. 1.) Plaintiff's Complaint is currently before the Court for screening. No other parties have appeared in this action.

The Court finds that Plaintiff's Complaint fails to state a claim. Plaintiff will be given leave to file an amended complaint.

I. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1 § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has
2 raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which
3 relief may be granted, or that seek monetary relief from a defendant who is immune from
4 such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion
5 thereof, that may have been paid, the court shall dismiss the case at any time if the court
6 determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
7 granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

8 § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or
9 immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia
10 Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  § 1983 is not itself a
11 source of substantive rights, but merely provides a method for vindicating federal rights
12 conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

13 **II.    SUMMARY OF COMPLAINT**

14 Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP"), where the
15 events alleged in his Complaint occurred.  Plaintiff alleges that the following individuals
16 failed to protect him and thereby violated his rights under the  Eighth Amendment: 1)
17 CDCR, 2) CDCR Representative from KVSP, 3) Warden, 4) Capt. "C Fac.", 5) Lt. "C Fac.",
18 6) Lt. "B Fac.", 7) CCII "C Fac.", 8) CCII "B Fac.", 9) K. Molto, 10) SGTs on "B + C Fac.",
19 11) John Does, 12) John Doe # 1, warden from 6/14/11 to 7/12/11 at KVSP, 13) O. Smith,
20 14) D. Goree, 15) John Doe # 2, employed as "B Fac. Lt.", 16) John Doe # 3, employed
21 as "C Fac. Lt.",17) John Doe # 4, employed as "B Fac. Sgt.", 18) L. Kirby, employed as "C
22 Fac. Sgt", 19) M. Jones, employed as "C Fac. Sgt", and 20) John Does #5-10.[1]

---

24 [1] Plaintiff refers to two different groups of Defendants.  One in his caption and one in the body of his Complaint. (Compl. at 1-2.)  It is not clear if these lists are duplicative, with Plaintiff referring to the
25 Defendants by their position in one section and by their names in the other, or if they are two distinct sets of Defendants.  In his amended complaint, Plaintiff should clearly set out a single set of Defendants.

1     Plaintiff alleges as follows:

2     On May 9, 2009, Plaintiff was involved in an altercation with a an inmate Gonzales.
3 (Compl. at 8.)  Later, in November of that year, he was transferred to KVSP .  (Id.)  He
4 listed inmate Gonzales as one of his known enemies.  (Id. at 4.)  On June 14, 2011,
5 Plaintiff was informed that he would be housed in Administrative Segregation ("Ad-Seg")
6 until space could be found for him in D Facility because inmate Gonzales was now housed
7 in C Facility.  (Id. at 8.)  Soon thereafter Defendant Goree updated Plaintiff's list of known
8 enemies to indicate that Defendant Gonzales had been transferred to Corcoran State
9 Prison even though he was still at KVSP.  (Id.)

10    On July 9, 2011, Defendant Doe # 4 told Plaintiff he was being removed from Ad-
11 Seg and he was  placed in the custody of Defendants Kirby or Jones, whom he asked
12 about inmate Gonzales' whereabouts. (Compl. at 9.)  He was told inmate Gonzales must
13 have been transferred. Plaintiff ultimately was housed in C Facility. (Id.) On July 12, 2011,
14 Plaintiff found inmate Gonzales on the C Facility yard.  (Id.)  Due to his safety concerns,
15 Plaintiff immediately reacted to inmate Gonzales' presence.  (Id.)

16    Plaintiff asks for at least $200,000 in damages from CDCR, $50,000 from
17 Defendants Smith and Goree, $15,000 from Defendants Does # 2 and 3, and $10,000 from
18 Defendants Doe # 4, Kirby, and Jones.  (Compl. at 3.)  Plaintiff also asks that he be
19 immediately released from the Secured Housing Unit, to have the incident removed from
20 his file, and to be transferred to another prison where he does not have any documented
21 enemies.  (Id.)

22 **IV.    ANALYSIS**

23    **A.    42 U.S.C. § 1983**

24    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
25 elements: (1) that a right secured by the Constitution or laws of the United States was
26 violated and (2) that the alleged violation was committed by a person acting under the color
27 of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811
28 F.2d 1243, 1245 (9th Cir. 1987).

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**B.    CDCR**

The Eleventh Amendment prohibits suits against state agencies. See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th 1991); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit. Because this Defendant is immune from suit, Plaintiff cannot recover from it. If Plaintiff chooses to file an amended complaint, he should omit CDCR as a defendant.

**C.    Linkage**

As an initial issue, Plaintiff fails to link the following Defendants to his claims: CDCR Representative from KVSP, Warden, Capt. "C Fac",  Lt. "C Fac.",Lt. "B Fac.",CCII "C Fac", CCII "B Fac.", and K. Molto SFT on "B + C Fac."

Under § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

In his Complaint, Plaintiff has not alleged facts demonstrating that the named or unnamed Defendants personally acted to violate his rights. He has failed to provide a name for most of the Defendants. Plaintiff should note that "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980). John Doe Defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his Complaint to substitute names for John Doe or his unnamed prison individuals. Plaintiff will be given the opportunity to file an amended complaint curing the deficiencies in this respect.

### D. Failure to Protect

Plaintiff appears to be alleging a failure to protect claim under the Eighth Amendment against Defendants John Does # 1-10, Smith, Goree, Kirby and Jones.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). An inmate has no constitutional right, however, to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Further, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir.

1  1979)).

2        Rather, to state a claim for threats to safety, an inmate must allege facts to support
3  that he was incarcerated under conditions posing a substantial risk of harm and that prison
4  officials were "deliberately indifferent" to those risks.  Farmer, 511 U.S. at 834; Frost, 152
5  F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en
6  banc).  To adequately allege deliberate indifference, a plaintiff must set forth facts to
7  support that a defendant knew of, but disregarded, an excessive risk to inmate safety.
8  Farmer, 511 U.S. at 837.  That is, "the official must both [have been] aware of facts from
9  which the inference could be drawn that a substantial risk of serious harm exist[ed], and
10 he must also [have] draw[n] the inference."  Farmer, 511 U.S. at 837; Frost, 152 F.3d at
11 1128; Redman, 942 F.2d at 1442.

12       Plaintiff fails to meet either prong of an Eighth Amendment failure to protect claim.
13 Although Plaintiff alleges that inmate Gonzales injured him in an incident in 2009, Plaintiff
14 does not explain how or why inmate Gonzales posed a substantial risk of serious harm to
15 Plaintiff in 2011.  Looking at the documents provided by Plaintiff, it appears that even when
16 Plaintiff was inmate Gonzales' presence, Plaintiff was able to defend himself.  In his
17 amended complaint, Plaintiff should explain why inmate Gonzales posed an obvious and
18 substantial risk to Plaintiff in 2011.

19       Plaintiff also fails to meet the deliberate indifference requirement of an Eighth
20 Amendment claim.  Plaintiff alleges that various individuals incorrectly filled out a sheet
21 indicating inmate Gonzales' location and that other individuals should have known about
22 inmate Gonzales' location prior to housing Plaintiff in the same facility with him.  Plaintiff's
23 alleges, at most, negligence on the part of Defendants, nothing reflecting a constitutional
24 violation.  Plaintiff does not allege that any individually named Defendant was aware of the
25 danger that inmate Gonzales posed to him or  that inmate Gonzales was in the facility to
26 which Plaintiff was transferred and directly disregarded the risk.  At most, Plaintiff describes
27 a paperwork issue that resulted in a potentially unsafe situation for Plaintiff.

28       Plaintiff has failed to state an Eighth Amendment claim and will be given leave to

-6-

amend.

### E. Injunctive Relief

Plaintiff seeks injunctive relief and asks the Court to stop Defendants' retaliatory actions.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff has not demonstrated that he will succeed on the merits of his case. His Complaint fails to state any cognizable claim.

Nothing in the Complaint suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). Here Plaintiff's concerns for his safety are vague and unclear.

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor. Second, while the public has an interest in providing the best practical prisoner care, the record before the Court does not justify the Court substituting its judgment in these matters for that of the prison

medical staff.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements

**F.     Heck Bar**

As one of his requested forms of relief, Plaintiff asks that the Court order that the July 12, 2011 incident involving inmate Gonzales be expunged from Plaintiff's file.

Plaintiff should be aware that when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Preiser v. Rodriguez, 411 U.S. 475, 477 (1973); Young v. Kenny, 907 F.2d 874, 876 (9th Cir. 1990).  Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 28 U.S.C. § 2254; Heck v. Humphrey, 512 U.S. 477, 487–88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Heck makes it clear that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  Id. at 489-90.  Any such claim is not cognizable and therefore should be dismissed. Wilkinson, 544 U.S. at 81-82 (clarifying that Heck applies to cases requesting damages as well as equitable relief); see Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (noting that a claim barred by Heck may be dismissed sua sponte without prejudice).  The Heck rule usually precludes a prisoner-plaintiff from obtaining damages or equitable relief in a § 1983 action for alleged constitutional violations in connection with his criminal trial. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the

-8-

conviction or other decision was invalid.  The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action.  The decision must have been successfully attacked before the civil rights action is filed.  See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (Heck barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); see also Valdez v. Rosenbaum, 302 F.3d 1039, 1049 (9th Cir. 2002) (prisoner's Sixth Amendment claim of denial of access to counsel while a pretrial detainee barred by Heck because claim would necessarily imply invalidity of subsequent conviction).

If Plaintiff lost good time credits as a result of the incident described in his Complaint, there is a chance that his requested relief could be Heck barred.  In his amended complaint, Plaintiff should explain how, if he were to obtain the equitable relief requested in this action, the disciplinary finding could still stand.

## IV.     CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983.  The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana,SFO Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's Complaint, filed July 25, 2012, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3. Within **thirty (30) days** from the date of service of this Order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   October 30, 2012         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE