UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO GARCIA, | CASE NO. 1:12-cv-1209-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| CDCR, et al. | (ECF No. 7) |
| Defendants. | CLERK SHALL CLOSE CASE |

/

Plaintiff Gerardo Garcia ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

Plaintiff initiated this action on July 25, 2012. (Compl., ECF No. 1.) The Court screened Plaintiff's Complaint and dismissed it, with leave to amend, for failure to state a claim. (ECF No. 6.) Plaintiff filed a First Amended Complaint on November 13, 2012. (Am. Compl., ECF No. 7.) Plaintiff's First Amended Complaint is currently before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1 § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has
2 raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which
3 relief may be granted, or that seek monetary relief from a defendant who is immune from
4 such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion
5 thereof, that may have been paid, the court shall dismiss the case at any time if the court
6 determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
7 granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

8 § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or
9 immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia
10 Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  § 1983 is not itself a
11 source of substantive rights, but merely provides a method for vindicating federal rights
12 conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

13 **II.    SUMMARY OF COMPLAINT**

14 Plaintiff is currently incarcerated at California Correctional Institution in Tehachapi,
15 California.  Plaintiff was previously incarcerated at Kern Valley State Prison ("KVSP"),
16 where the events alleged in his First Amended Complaint occurred.  Plaintiff alleges that
17 the following individuals conspired to place him in danger, thereby violating his rights under
18 the Eighth Amendment: 1) E. Blanco, Chief Deputy Warden at KVSP, 2) O. Smith, CC2
19 at KVSP, 3) D. Goree, CC2 at KVSP, 4) Williams, Sergeant at KVSP, 5) R. Barrett,
20 Sergeant at KVSP, 6) L. Kirby, Sergeant at KVSP, and 7) M. Jones, Sergeant at KVSP.
21 Plaintiff alleges as follows:
22 On June 14, 2011, Defendant Smith updated Plaintiff's CDCR Form 812 to indicate
23 that inmate Gonzales, a documented enemy of Plaintiff, was no longer housed at KVSP
24 even though he was still housed there.  (Am. Compl. at 3-4.)  Defendants Goree, Smith,
25 Williams, Smith, Kirby, and Jones conspired to transfer Plaintiff to Facility C at KVSP, even

though inmate Gonzales was still housed in this area. (Id. at 4.) After the transfer, Plaintiff fought inmate Gonzales and was placed in the Secured Housing Unit. (Id. at 5.)

Plaintiff asks for $25,000 in damages from each Defendant. (Am. Compl. at 3.)

### III.  ANALYSIS

#### A.  42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

#### B.  Linkage

As an initial issue, Plaintiff fails to link Defendant Blanco to his claims.

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own

misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

In his First Amended Complaint, Plaintiff has not alleged facts demonstrating that Defendant Blanco personally acted to violate his rights. He instead alleges that Defendant Blanco should be held responsible because of his supervisory duties as Chief Deputy Warden of KVSP. Plaintiff has not explained how Defendant Blanco personally participated in the deprivation of Plaintiff's rights. No point would be served by giving Plaintiff yet another opportunity to link Defendant Blanco to his claims.

### C.     Eighth Amendment Claim

Plaintiff appears to be alleging a failure to protect claim under the Eighth Amendment against Defendants Smith, Goree, Williams, Barrett, Kirby, and Jones.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). An inmate has no constitutional right, however, to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Further, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)).

Rather, to state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152

F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

Without reaching the issue of whether the presence of a documented enemy automatically creates a substantial risk of serious harm as required by the first prong of an Eighth Amendment failure to protect claim, the Court finds that Plaintiff has not met the second prong of such a claim. He alleges only that various individuals incorrectly filled out a sheet indicating inmate Gonzales' location, and alleges that other individuals should have known inmate Gonzales was in fact at the facility to which Plaintiff was assigned. This might reflect negligence on the part of Defendants, but not a constitutional violation. Again, Plaintiff fails to allege that any individually named Defendant was aware of the danger that inmate Gonzales posed to him and directly disregarded the risk. It is assumed that if Plaintiff was aware of any such facts, he would have alleged them after being given leave to do so. Nothing would be gained by giving him another opportunity to amend.

Plaintiff has failed to state an Eighth Amendment claim. He will not be given further leave to amend.

**D.     Conspiracy**

Plaintiff also appears to seek relief based upon allegations that Defendants conspired to house Plaintiff in the same area as his documented enemy.

Conspiracy under § 1983 merely provides a mechanism by which to plead or prove a constitutional or statutory violation. Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980). Although conspiracy claims are actionable under Section 1983, "it is necessary that there have been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws." Landrigan 628 F.2d at 742. A pro se complaint containing only

conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss. Zemsky v. City of New York, 821 F.2d 148, 152 (2nd Cir. 1987).

Again, Plaintiff has not pled sufficient facts to support a cognizable claim for conspiracy to violate Plaintiff's constitutional rights. Plaintiff's bare allegation that Defendants conspired to place him on the same yard as his documented enemy is devoid of any of facts which might conceivably support it. For the same reasons as above, Plaintiff will not be given leave to amend this claim.

## IV.     CONCLUSION AND ORDER

Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was previously notified of the deficiencies in his claims and given leave to amend. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY ORDERS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   November 30, 2012            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE